UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.: 3:03CR00198 (RNC) |
| v. | August 24, 2005 |
| PABLO GARCIA | |

## MEMORANDUM IN AIDE OF SENTENCING

## TO U.S.S.G. 3B1.2

### I.   INTRODUCTION

Pursuant to Federal Rule of Criminal Procedure 32 and Local Rule of Criminal Procedure 10(d) the defendant, Pablo Garcia, by and through the undersigned counsel, hereby respectfully submits this Sentencing Memorandum to aide the Court in determining and issuing an appropriate sentence for Mr. Garcia. For the reasons stated below, this court should grant Mr. Garcia a downward departure from the sentencing guideline range.

## II. PROCEDURAL BACKGROUND

The defendant, Pablo Garcia, was arrested on June 4, 2003, subsequent to being served with an arrest warrant. Pursuant to a plea agreement dated April 11, 2004, Pablo Garcia pleaded guilty to conspiracy to posses with intent to distribute 100 grams or more of Heroin in violation of Title 21 U.S.C. Section 846. Mr. Garcia entered a guilty plea to the aforementioned charge on April 18, 2005. After serving approximately twenty-five (25) months pursuant to a pretrial detainer, Mr. Garcia is scheduled to be sentenced on September 1, 2005.

## III. DISCUSSION

### A. ACCEPTANCE OF RESPONSIBILITY

In accordance with Section 3E 1.1 of the sentencing guidelines, the government has recommended a three (3) level decrease in Mr. Garcia's offense level due to Mr. Garcia's acceptance of responsibility for his criminal conduct. See Plea Agreement, p. 2.

It is undisputed that Mr. Garcia (a) promptly and frontally demonstrated acceptance and responsibility for his offense; and (b) assisted the authorities in the investigation and prosecution of his own misconduct by: (i) timely providing full, truthful, and complete information regarding his own involvement in the offense and by (ii) providing timely notice of his decision to plead guilty, allowing the government to avoid preparing for trial and permitting the court to allocate its resources sufficiently. See U.S.S.G. Section 3E 1.1.

The defendant, Mr. Garcia, therefore urges this court to accept the government's assessment of his acceptance of responsibility and grant a three (3) level reduction in his offense level.

### B. SAFTEY VALVE ELGIBLITY

In order to qualify for safety valve relief, the United States Sentencing Guidelines Manual section 5C1.2, the defendant must satisfy five criteria. *United States v. Gambino, 106 F.3d 1105 (2d Cir. 1997)*. The five criteria are as follows: (1) The defendant does not have more than one criminal history point, as determined under the sentencing guidelines; (2) the defendant did not use violence or credible threats of violence or posses a firearm or other dangerous weapon (or induce another person to do so) in connection with the offense; (3) the offense did not result in a serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in continuing criminal enterprise, as defined in 21 U.S.C.S. section 848; and (5) no later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or common scheme or plan but the fact that the defendant has no relevant or useful other information to provide or that the

Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement. U.S.S.G. Section 5C 1.2

Mr. Garcia, to his credit, has no prior criminal convictions. See Probation Report p. 3 par. 8. Mr. Garcia did not use violence or credible threats or induce others to do so in connection with the offense to which he has pleaded guilty. Furthermore, the offense to which Mr. Garcia pleaded guilty did not result in death or serious bodily injury to another person nor was Mr. Garcia an organizer, leader or manager in a continuing criminal enterprise. Lastly, Mr. Garcia has provided to the government all information and evidence that he has concerning the offense that he pleaded guilty to and the involvement of others in that activity to the best of his ability.

The defendant, Mr. Garcia, realizes that the burden rests on the defendant to prove that he has satisfied all five criteria for safety valve relief. *United States v. Tang, 214 F.3D 365, 371, (2d Cir. 2000); United States v. Ortiz 136 F.3D 882, 883 (2d Cir. 1997).* The defendant believes he has satisfied the requirements for safety valve relief and respectfully urges the court to grant a two level reduction in his base offense level pursuant U.S.S.G. section 2D 1.1 (b) (6). If the court concludes that the defendant is eligible for safety valve relief, then the mandatory minimum penalty of five years imprisonment would not apply, thus allowing the court to sentence Mr. Garcia to a term of imprisonment of less than five years. *United States v. Clavijo, 165 F.3d 1341 (11 Cir. 1999)*

A.  DEFENDAN'T POST ARREST REHABILITATIVE EFFORTS JUSTIFY A DOWNWARD DEPARTURE

A number of Circuit Courts have held that post-offense rehabilitation may be a basis for downward departure. *United States v. Sally,* 116 F.3d. 76, 80 (3rd Cir. 1997); *United States v. Brock,* 108 F.3d 31, 35 (4th Cir. 1997); *United States v. Newlon,* 212 F.3d 423 (8th Cir. 2000) (upholding downward departure where, before arrest, defendant had at his own request spent 85 hours over a 20 day period in a program aimed at treating his alcohol and drug addiction). But it is not only drug or alcohol addiction treatment that courts have utilized as a basis for downward departure. In *United States v. DeShon,* 183 F.3d 888 (8th Cir. 1999), the Appellate Court affirmed a downward departure based on post-offense rehabilitation motivated by religion where Pre-Trial Services Officer testified that defendant's post-offense efforts were extraordinary. See also *United States v. Pickering,* 178 F.3d 1168 (11th Cir. 1999). This Circuit has also upheld a limited departure based on the defendant's rehabilitation during a four year pre-indictment delay in indicting him on perjury charges. *United States v. Cornielle,* 171 F.3d 748 (2d Cir. 1999). The defendant, while being detained at Donald W. Wyatt Detention Center in Rhode Island, has completed the Crossroads program. He enrolled in this program on his own accord. He indicates that the program has helped with issues regarding behavior modification, self-esteem and anger management. In addition, during his pretrial detention, the defendant regularly attends bible study. The defendant's bible classes meet on Sunday and Wednesday. The defendant has indicated that attending bible study has been a tremendously positive spiritual and life altering experience for him. The

5

cumulative effects of these voluntary experiences indicate extraordinary rehabilitation for this defendant since the time of his arrest in 2003.

## V.   CONCLUSION

Mr. Garcia stands before the court as a forty-five year old man who up until entering his guilty plea on April 18, 2005, had never been convicted of a crime. The defendant has been incarcerated since June 4, 2003. Mr. Garcia's base offense level is twenty-eight. The government agrees that the defendant, Mr. Garcia, is entitled to a three level reduction under guideline section 3E 1.1 (b) as a result of his acceptance of responsibility. The aforementioned reduction reduces the defendant's offense level to twenty-five. The defendant, Mr. Garcia, respectfully submits to the court that he satisfies the requirements of safety valve relief pursuant to Federal Sentencing Guidelines section 5C 1.2.

_____
HERMAN WOODARD, JR.
WOODARD LAW FIRM, LLC
750 Main Street, Suite 202
Hartford, CT 06103

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing has been hand delivered or mailed, via U.S. Mail, postage prepaid, this 25th day of August, 2005 to all counsel and pro se parties of record as follows:

Judge Robert N. Chatigny
Chief United States District Judge
United States District Court
450 Main Street
Hartford, CT 06103

Judge Donna F. Martinez
United States District Judge
United States District Court
450 Main Street
Hartford, CT 06103

AUSA Gordon Hall
Office of the United States Attorney
23rd Floor Office of the United States
Connecticut Financial Center
157 Church Street
New Haven, CT 06510

*/s/ Herman Woodard, Jr.*
HERMAN WOODARD, JR.